IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JACKIE BOYD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:20-cv-354-JDK-JDL |
| § | |
| KEN PAXTON, et al., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jackie Boyd, an inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Plaintiff complains that on November 2, 2018, he filed a Step One grievance against Gib Lewis Unit mailroom supervisor Brenda McLoy for taking sealed copies of court opinions from him. She continued to harass him and on February 12, 2020, he was transferred to the Michael Unit. Plaintiff contended that the Office of the Attorney General had him transferred so that he would miss a deadline for filing a motion for rehearing. Plaintiff stated that he filed his motion for rehearing at the Michael Unit on February 14, 2020, but assistant mailroom supervisor Laura Ridge took it. As a result, he lost his opportunity to seek rehearing.

After review of the pleadings, the Magistrate Judge issued a Report (Docket No. 4) recommending the lawsuit be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g), which prohibits prisoners from proceeding *in forma*

1

*pauperis* if they have had three or more prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. The Magistrate Judge listed three previous lawsuits filed by Plaintiff, each dismissed as frivolous or for failure to state a claim. Because Plaintiff did not show he was under imminent danger of serious physical injury, the Magistrate Judge recommended dismissing this case.

Plaintiff filed objections conceding that two of the three prior cases count as strikes, but arguing that the third, *Boyd v. Abbott, et al.*, Civil Action No. 3:08-cv-699 (N.D. Tex. March 24, 2009), should not count as a strike under § 1915(g). In *Boyd v. Abbott, et al.*, Plaintiff sued the Texas Attorney General, the Dallas County District Attorney, and two assistant district attorneys, claiming that they violated his civil rights by unlawfully denying his state habeas corpus petition. He also alleged that the state habeas court unlawfully found that he could not raise a claim of insufficiency of the evidence on habeas review. The Northern District of Texas dismissed the lawsuit as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's claims implicated the validity of his conviction. Plaintiff appears to argue that because this third case was dismissed as barred by *Heck*, it does not apply as a strike under § 1915(g). Docket No. 12.

The Court disagrees. The Magistrate Judge correctly determined that cases dismissed as barred by *Heck* count as strikes for purposes of 28 U.S.C. § 1915(g). *German v. Baker*, 124 F. App'x 257, 258 (5th Cir. 2005) (cautioning the appellant that

2

a *Heck* dismissal and the appeal of that dismissal "both count as strikes for purposes of 28 U.S.C. § 1915(g)"); *Canady v. Thaler*, 48 F. App'x 106, 2002 WL 31017505 (5th Cir. 2002) (counting a prior case dismissed pursuant to *Heck* as a strike under § 1915(g)); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Plaintiff provides no basis to disregard this rule and hold that the *Heck*-barred case he previously filed should not count as a strike.

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the Magistrate Judge is correct, and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that this civil action is **DISMISSED** with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $400.00 filing fee. 28 U.S.C.

§ 1915(g).  Should Plaintiff pay the full $400.00 filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed as though the full fee had been paid from the outset.  It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **24th** day of **September, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE